## VALIDITY OF NEW EVANGELICAL CHURCH MERGERS.

### Common Pleas Court of Stark County.

### DAVID B. WILSON ET AL. V. HENRY J. FROMM ET AL.*

#### Decided February 15, 1924.

*Religious Societies—Merger of the Evangelical Association and the United Evangelical Church—Competency of Church Trustees to Seek to Enjoin Such Merger—Construction of Passages of the Church Discipline—No "Separation" Effected or Intended —Property of a Congregation Joining the Merger Passes to the Merged Body—Provisions of the Discipline Read Into the Deeds By Which the Property Was Acquired.*

1. Trustees of an established church, acting as trustees and · as members and on behalf of members of the church, are competent to maintain an action to enjoin a merger with another congregation which would involve a transfer of control of their own congregation and of its property to the merged body.

2. The provision with reference to the title to property vested in trustees, found in the Discipline of the United Evangelical Church and incorporated in said Discipline before the property in question was acquired, should be read into the deeds therefor and held to be as effective as though in fact set out in full in said deeds.

3. Inasmuch as the provision of the Discipline of the general .body of sadi church, requiring congregational action with reference to matters of a fundamental character, refers to cases where the congregation has "separated" from the general body, and in the instant case there has been no separation of the local congregation from the United Evangelical Church, or any action affecting or dissolving or intended to affect or. dissolve the ecclesiastical relation or connection of the congregations, the provision entitling adult members in good standing, who decide to remain unmerged, to a *pro rata* portion of the appraised value of the property of the congregation, is inapplicable and the local organization continues to exist in the merged body, and the merged body has control of said congregation and its property.

---

* Same judgment entered in the Court of Appeals. Motion to require the Court of Appeals to certify its record in this case withdrawn from the files of the Supreme Court by plaintiff in . error December 1, 1925.

CAMERON, J.

The first question that naturally arises in this action is that of the right of the parties plaintiff to maintain the action, and upon this question the court finds little difficulty. The plaintiffs bring their action as trustees and also as members of the congregation and on behalf of members of the congregation; and, if the merger of the Evangelical Association and the United Evangelical Church into the New Evangelical Church was ineffective in law to carry with it the membership of the congregation, and also the property and real estate of the First United Evangelical Church, Canton, Ohio, then the court finds from the evidence that there have been sufficient actions upon the part of the pastor and certain members of the congregation indicating their intention to so interpret the merger of the two bodies as having carried into the merged body the church congregation and the control of its property, to entitle the plaintiffs to seek equitable remedy by way of injunction to protect the rights of the congregation in its property. The plaintiffs are, therefore, properly before this court presenting to it, for its determination, the question as to whether the merger of the two congregations did, in fact, carry with it the church property and its control.

A second question on which the court finds little difficulty is the question as to whether or not the provision of paragraph 186, found in the Discipline of the United Evangelical Church, should be carried into and read as a part of the deeds for the church and parsonage property, which were given to the trustees of the First United Evangelical Church of Canton, Ohio. The Discipline of the United Evangelical Church having been established prior to the making of the deeds in question, and the title to the property having been taken to the trustees of the First United Evangelical Church at Canton, Ohio, it is apparent that, being so taken, there should be read into the deeds in question all of the provisions of said

paragraph 186, and that the title to the property in question is held as fully under those provisions in the instant case as if the same were in fact set out in full in said deeds.

It will be seen, therefore, that to the court's mind, the issue resolves itself into a single question as to whether the merger of the Evangelical Association and the United Evangelical Church, was finally consummated by the action of the two general conferences on October 5th and the establishment of a new general conference of the Evangelical Church on October 14, without the necessity for any further congregational action upon the part of the individual churches, or whether, according to the provisions of the Discipline, as found in said paragraph 186, there was a necessity for congregational action before the merger would be effective as carrying with it the property of the individual congregations composing the General Council.

As the court indicated, during the oral argument, it finds that if congregational action was necessary at any time, in order to control the disposition of the real estate of the First United Evangelical Church of Canton, then it was necessary to be taken before the merger could in any way become effective upon the real estate of the First United Evangelical Church of Canton, and no action should have been taken by the pastor or members of the congregation looking to the carrying of this congregation into the merger, until such a vote had been taken. But, if the merger was such that it did not violate the provisions of paragraph 186 of the Discipline, so as to necessitate a vote of the congregation at the time and in the manner provided for therein, then the pastor and those members of the church who insisted that by the merger the congregation and its property were carried into the merged organization, are correct, and the plaintiffs are without right of action herein.

The court will not indulge in any discussion of the

78          STARK COUNTY COMMON PLEAS.

Wilson et al. v. Fromm et al.     (·S·N) 9Z ˙ꞁ°ʌꞁ

legal principles involved for the reason that upon the consideration of all the cases cited by counsel. for the plaintiffs and the defendants, there does not seem to the court to be such a conflict that the legal principles cannot at this time be considered as already well fixed and determined.

The form of organization of the various branches of the Evangelical Church, is such that were it not for the provisions of paragraph 186 of the Discipline of the United Evangelical Church, it would scarce be possible to raise a question that the merger in this instance was properly brought about, and that it was effective in carrying into the merged church organization, all of the property of the individual churches which had theretofore comprised the Evangelical Association and the United Evangelical Church.

A careful reading, therefore, of paragraph 186 is necessary in determining what was intended thereby, and in the final reading of this paragraph, the court's attention has been challenged by that portion of the paragraph which reads as follows:

"Provided that *congregational action* effecting or dissolving or intending to effect or dissolve the ecclesiastical relations or connections of the congregation, can be taken," etc.

It will be noted that this proviso is for congregational action, which effects or dissolves the ecclesiastical relations or connections, and does not seem to have been made to cover an instance in which the action was to be taken by the entire body of the United Evangelical Church as represented in its various conferences. It will .be noted also that at the close of the paragraph, in attempting to find the method of apportioning the property, the language is as follows:

"Such adult members in good standing who decide to remain with the United Evangelical Church, *from which*

*the congregation has separated,* shall be entitled to the *pro rata* portion of the appraised value of the congregational property," etc.

The court is impressed that in no sense can it be considered that the local congregation has in any way been separated from the United Evangelical Church, or that there has been any congregational action affecting or dissolving, or intending to affect or dissolve the ecclesiastical relations and connections of the congregation.

The United Evangelical Church exists in the new merged organization as fully as it existed prior to the merger, and the fact that to it has been joined the churches of the Evangelical Association, and that all are called by the new name of the Evangelical Church, does not defeat its continued existence, and if it does not so exist in the merged church, it is without existence, for it would not be possible to call the small group which now denominated itself the United Evangelical Church, the real successors of the old United Evangelical Church as it existed before the merger.

The court will not enter into a consideration of the question as to whether there was a substantial change in the Articles of Faith in the United Evangelical Church by the acts of the Conference in adopting the Articles of Faith and Discipline of the New Evangelical Church, for the reason that the court believes that that is a question which the General Conference of the United Evangelical Church had a right to determine, and for the further reason that while there was some evidence offered to the court indicating a possibility of such a change, yet when it is considered that the Evangelical Association and the United Evangelical Church were formerly one body, and that the division was not one of doctrine but one of polity, the court does not believe that there was anything in the Articles of Faith that could have been considered by the various members of the two organizations as conflicting with a merger.

The court therefore finds that the United Evangelical Church, as meant by paragraph 186 of the Discipline, still continues to exist in the merged church, and that by reason of this fact, the merged church has control of the congregation and the property, and the real estate of the church that was known before the merger as the First Evangelical Church of Canton, Ohio, and should the congregation of the First Evangelical Church of Canton, Ohio, desire in the future to dissolve its relations with the body now known as the Evangelical Church. it could only do so by complying with the provisions of paragraph 186.

Finding and judgment for the defendants; the petition and prayer of the plaintiffs is dismissed. Exceptions noted on behalf of the plaintiffs to finding and judgment of the court. Appeal bond fixed at $300.

---

OPINION AT THE HEARING ON APPEAL.

BY THE COURT.

Upon a review of the record in this case and an investigation of the authorities cited by counsel, we have reached the conclusion by unanimous judgment of the members of the court that the defendants are entitled to a judgment herein.

Having examined the opinion filed in said case by Judge Cameron in the court below and approving of the judgment founded upon the reasoning therein, said judgment will be entered as the judgment of this court. The entry herein will be "Judgment for defendants, petition of the plaintiffs dismissed and at their coses. Exceptions."